# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1142

_____

Leah Findlator

*Plaintiff - Appellant*

v.

Allina Health Clinics

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 11, 2020
Filed: May 27, 2020

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Leah Findlator sued Allina Health Clinics ("Allina"), her former employer, for race and national origin discrimination as well as intentional infliction of emotional

distress. The district court[1] granted summary judgment in favor of Allina on all claims. Findlator appeals from the grant of summary judgment as to the discrimination claims only. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

Leah Findlator and Leah Baruch worked as lab technicians for Allina. Findlator is a black woman from the United Kingdom who was employed by Allina from August 2012 until her termination on December 6, 2016. While Findlator had a positive performance history at Allina, she had interpersonal problems with Baruch, who is white. Findlator complained to supervisors about difficulties with Baruch and alleges Baruch made a comment about Findlator being in a gang.

On December 2, 2016, Findlator and Baruch got into a heated argument that spilled out of the lab and into an occupied patient waiting room. As the argument escalated, Baruch took off her lab coat and twice threw it in Findlator's direction. Findlator then approached Baruch, put her hands on Baruch's shoulders, and pushed her.

After human resources completed its investigation of the incident, Allina issued corrective action notices to both Findlator and Baruch. Baruch was cited for violating the Respectful Workplace and Commitment to Care policies and issued a suspension and a final warning. At the time of its decision, Allina believed Baruch's lab coat did

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

not hit Findlator.[2] Findlator was cited for violating the same two policies and also the Violence-Free Workplace policy. Findlator was terminated.

Findlator filed a grievance through her union because she received a more severe punishment than Baruch. An arbitrator determined Findlator's termination was unwarranted. Allina offered to reinstate Findlator, but Findlator refused and instead filed suit in the district court. Findlator appeals the grant of summary judgment as to her discrimination claims brought under Title VII, 42 U.S.C. § 2000e-2, and the Minnesota Human Rights Act, Minn. Stat. § 363A.08.

## II.    Discussion

"We review *de novo* the district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." Meyer v. McKenzie Elec. Coop., Inc., 947 F.3d 506, 508 (8th Cir. 2020). An employer is entitled to summary judgment on an employee's discrimination claim unless the employee (1) presents direct evidence of discrimination, or (2) creates a sufficient inference of discrimination under the McDonnell Douglas framework. Guimaraes v. SuperValu, Inc., 674 F.3d 962, 972–73 (8th Cir. 2012). Direct evidence consists of a specific link between a challenged decision and discriminatory animus. Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004).

Findlator alleges she presented direct evidence of discrimination, which included: (1) Allina's consideration of Findlator's race during its investigation to ensure that no discriminatory animus impacted its decision; (2) Baruch's comment

---

[2]During Allina's investigation, Findlator did not assert the coat hit her. During arbitration, she claimed that it did. The parties do not dispute that when Allina issued its corrective actions it believed that Baruch's lab coat did not hit Findlator.

that Findlator was in a gang; and (3) Allina's failure to cite Baruch for violating the Violence-Free Workplace policy. None of Findlator's proposed direct evidence establishes a specific link between her termination and a discriminatory animus.

The record demonstrates that Allina considered Findlator's race only to ensure that any corrective action was not based on racial discrimination. Baruch's comment about Findlator belonging to a gang is insufficient because Baruch was a coworker with no authority over the decision to terminate Findlator. See Massey-Diez v. Univ. of Iowa Cmty. Med. Servs., Inc., 826 F.3d 1149, 1160 (8th Cir. 2016) (citing Doucette v. Morrison Cty., Minn., 763 F.3d 978, 986 (8th Cir. 2014)) (noting bias must be from a decision maker and relate to the decisional process). And Allina's failure to note a Violence-Free Workplace policy violation on Baruch's corrective action notice, standing alone, does not evidence a discriminatory animus. The Violence-Free Workplace policy is a "zero tolerance" policy pertaining to violent behavior or threats of violence. An Allina human resources director testified that Baruch would not have been terminated based on her misconduct even if she had been cited for violating the Violence-Free Workplace policy. The failure to cite Baruch under the Violence-Free Workplace policy does not show a specific link to a discriminatory animus.

Without direct evidence of discrimination, we turn to the familiar burden shifting McDonnell Douglas analysis. Under this framework, a plaintiff must first state a prima facie case of discrimination, which shifts the burden to the defendant to proffer a legitimate non-discriminatory reason for the challenged action. Putman v. Unity Health Sys., 348 F.3d 732, 735 (8th Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973)). If the defendant presents a non-discriminatory reason, the burden shifts back to the plaintiff to demonstrate that the alleged reason was pretext for discrimination. Gibson v. Am. Greetings Corp., 670 F.3d 844, 854 (8th Cir. 2012).

Like the district court, we assume Findlator established a prima facie case and consider whether Findlator demonstrated Allina's stated reason for terminating her was pretext. A party can show pretext by presenting evidence that an employer failed to follow its own policies or treated similarly-situated employees in a disparate manner. Gibson, 670 F.3d at 854. Failure to follow policy is relevant evidence of pretext, but is not necessarily dispositive in every case. See Edwards v. Hiland Roberts Dairy, Co., 860 F.3d 1121, 1126–27 (8th Cir. 2017). Similarly-situated employees must be "similarly situated in all relevant respects," which requires violations to be of "comparable seriousness." Ebersole v. Novo Nordisk, Inc., 758 F.3d 917, 925 (8th Cir. 2014) (quotation marks omitted). In other words, the employees being compared must have committed "the same conduct without any mitigating or distinguishing circumstances." Johnson v. Securitas Sec. Servs. USA, Inc., 769 F.3d 605, 613 (8th Cir. 2014) (en banc) (quotation marks omitted).

Allina's Violence-Free Workplace policy states that violators "will be subject to corrective action." It lists examples of impermissible behavior but does not prescribe a particular corrective action. When determining the appropriate corrective action for the misconduct under consideration, the policy gives Allina the discretion to distinguish different acts of violence and to distinguish acts of violence from threats of violence. Allina's response to Findlator's grievance and the deposition of an Allina human resources director make clear that Allina believed that pushing a co-worker was more severe than throwing a lab coat at a co-worker and that Findlator's behavior justified a more severe punishment. Nothing in Allina's Violence-Free Workplace policy or other policies prohibit Allina from treating some offenses as more severe than others and selecting a corrective action that it believes is proportional to the level of severity for the violation.

Because Findlator and Baruch engaged in different types of misconduct and were not similarly situated, omission of the Violence-Free Workplace policy on Baruch's corrective action notice does not show disparate treatment. Allina's

-5-

rationale for terminating Findlator and suspending Baruch would apply with the same force regardless of whether Baruch's notice included a violation of the Violence-Free Workplace policy. Findlator did not present sufficient evidence of pretext and the district court did not err in granting summary judgment for Allina.

## III.  Conclusion

For the foregoing reasons, we affirm.

_____